Opinion issued October 11, 2016



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-15-00041-CR

————————————

**APOLINAR MARQUEZ CAMPOSANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Court Case No. 08-05-04380-CR**

---

## MEMORANDUM OPINION

A jury convicted appellant, Apolinar Marquez Camposano, of the offense of murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). Appellant pleaded guilty pursuant to an agreement with the State for an open plea to the court with a

punishment cap of thirty years. After waiving his right to have a jury assess his punishment, the trial court sentenced appellant to thirty years' confinement. The trial court granted an out-of-time appeal.[1]

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). After a thorough review of the record, counsel asserts that no viable points of error exist for the purpose of a direct appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant argues, among other things, that (1) the trial court erred in relying on the PSI report in light of counsel's objection because the

---

[1] *See Ex parte Camposano*, No. WR–82,334–01, 2014 WL 6789446, at *1 (Tex. Crim. App. Nov. 19, 2014) (mem. op., not designated for publication) (granting appellant's habeas petition because his initial appellate counsel failed to timely file notice of appeal, and finding that appellant was entitled to file out-of-time notice of appeal related to sentencing). The Texas Supreme Court transferred this appeal from the Ninth Court of Appeals to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2015).

PSI report contained a misleading and false statement regarding a prior probated sentence; and (2) he received ineffective assistance of counsel.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] Attorney Michael Young must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).